UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-CV-00201-MEO

| | |
|---|---|
| LISSETTE GRULLON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | MEMORANDUM & ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 20). Plaintiff's counsel petitions this Court for an award of attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act ("SSA") in the amount of $24,794.75 less the $3,779.97 paid to Plaintiff's attorney under the Equal Access to Justice Act ("EAJA"),[1] 28 U.S.C. § 2412, for a total of $21,014.78. *Id.* This amount does not exceed 25% of the past-due benefits awarded to Plaintiff by the Social Security Administration. (Doc. No. 21-1 at 2). The Commissioner neither supports nor opposes Plaintiff's motion. (Doc. No. 22 at 2).

When a district court issues a decision favorable to a claimant under the SSA, the Court may award a reasonable attorney's fee out of the past-due benefits of the claimant, up to 25 percent of the past due benefits. 42 U.S.C. § 406(b)(1). Section 406(b) "does not displace contingent-fee agreements as the primary means by which

[1] The Honorable Robert J. Conrad, Jr., previously awarded Plaintiff $3,779.97 in attorney fees under the EAJA. (Doc. No. 19).

fees are set for successfully representing Social Security benefits claimants in court;" instead, the Court must determine whether the agreed upon fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Fourth Circuit deemed the following factors relevant to a district court's reasonableness inquiry: "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005).

Here, Plaintiff entered into an agreement with counsel that allowed for a fee of no more than 25 percent of all back benefits awarded to Plaintiff and his family in the event the case was won. (Doc. No. 21-2). Plaintiff's counsel secured an award for Plaintiff of at least $99,179.00 in past-due benefits. (Doc. No. 21-1 at 9). Plaintiff's counsel requests fees for 16.95 hours of work, for a total of $24,794.75. (Doc. Nos. 21-4; 21 at 2). Considering the factors above, the Court concludes the attorney's fees sought by counsel are reasonable.

Further, while attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney refund to the claimant the smaller fee. *Gisbrecht*, 535 U.S. at 796; *Rhom v. Bisignano*, No. 3:22-CV-00489-MR, 2025 WL 3777995 (W.D.N.C. Dec. 12, 2025). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 796).

Plaintiff requests that the Court offset the total amount of § 406(b) fees by the amount received under the EAJA instead of requiring counsel to refund the EAJA fees. "Congress amended the EAJA in 1985 to clarify that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—'but only if, where the claimant's attorney receives fees for the same work under both [§ 406(b)(1)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee.'" *O'Donnell v. Saul*, 983 F.3d 950, 956 (7th Cir. 2020) (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985) (alterations in original).

Though the Fourth Circuit has not directly addressed whether a court should use the refund or offset method, many courts in this district have addressed the issue and declined to adopt the offset method. *See, e.g., Butts v. Comm'r of Soc. Sec.*, No. 3:21-CV-00411-KDB, 2024 WL 4438671, at *1 (W.D.N.C. Oct. 7, 2024); *Dipiazza v. Comm'r of Soc. Sec.*, No. 3:20-CV-00735-RJC, 2024 WL 3837881, at *1 (W.D.N.C. Aug. 15, 2024); *Reyes v. O'Malley*, No. 1:22-CV-00096-MR, 2024 WL 2119266, at *1 (W.D.N.C. May 10, 2024). The Seventh Circuit and the Tenth Circuit concur in recognizing that while the "netting method" is permissible under section 406(b)(1), it is disfavored, and an attorney-to-claimant refund is preferred. *O'Donnell*, 983 F.3d at 957. Thus, this Court will require Plaintiff's counsel to refund the smaller fee award to Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. No. 20) is **GRANTED**. Plaintiff's counsel is awarded attorney's fees in the amount of $24,794.75, or 25% of Plaintiff's past-due benefits, whichever is less. The

award to Plaintiff's counsel shall be paid from Plaintiff's past-due benefits directly to Plaintiff's counsel within a reasonable time. Upon receipt of the § 406(b) fees, Plaintiff's counsel shall refund Plaintiff the sum of $3,779.97 that Plaintiff's counsel previously received pursuant to EAJA.

**SO ORDERED.**

Signed: August 24, 2026

Matthew E. Orso
United States District Judge